UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| SCOTTIE GROSS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 04-353-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Scottie Gross ("Gross") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9, 10] Through this action, Gross seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Gross.

**I.    LEGAL STANDARD**

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe

impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (hereafter "RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What were previously 20 C.F.R. §§ 416.920(e) and (f) are now 20 C.F.R. §§ 416.920(f) and (g), respectively.

of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II. PROCEEDINGS BEFORE THE ALJ

On December 19, 2003, an administrative hearing was held before ALJ Don Paris in Prestonsburg, Kentucky. During this hearing, the ALJ heard testimony from Gross and Leah Salyers, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Gross. The ALJ concluded that Gross retained the residual functional capacity to perform a significant range of medium work. [Transcript ("Tr."), p. 23] Based on testimony from the VE, the ALJ further concluded that Gross was capable of performing a significant number of jobs in the national economy. [Tr., p. 23]

## III. DISCUSSION

Gross's sole argument is that the ALJ erred by failing to recontact Dr. Debra Karen Hall. Dr. Hall indicated that Gross essentially had disabling limitations due to his back and knee impairments. Specifically, she opined that, Gross's physical limitations included taking 15 minutes breaks every hour and being totally precluded from all postural activities. [Tr., pp. 219-22] The ALJ discounted Dr. Hall's functional capacity assessment, stating that her conclusions

were not supported by the objective medical evidence of record. Gross, however, argues that the ALJ should have recontacted Dr. Hall if he did not find her report sufficient.

Title 20 C.F.R. Section 404.1512(e), and its parallel citation, 20 C.F.R. § 416.912(e), provide, in relevant part:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

The ALJ, in discussing Dr. Hall's findings, noted:

> I am not so unmindful of Dr. Hall's functional capacity assessment . . . limiting the claimant to no more than sedentary level exertion; lift and/or carry 10 pounds occasionally and less than 10 pounds frequently with pushing/pulling only to weight limits; stand and/or walk 2-3 total hours in a workday, 30-45 minutes without interruption; sit 4-6 total hours in a workday, 1-2 hours without interruption; never climb, balance, stoop, crouch, kneel or crawl; and avoid heights, moving machinery, temperature extremes, and vibration. I reject this assessment as the claimant has only mild clinical signs and has testified that he walks for exercise. Furthermore, Dr. Hall's assessment is not supported by any of the claimant's physical examinations nor is it supported by creditable medical evidence and objective medical findings or record. Her conclusion is unsubstantiated by diagnostic tests or therapies and her own treatment notes.

[Tr., p. 21]

The ALJ was correct that the record did not support Dr. Hall's functional limitations. For instance, with respect to Gross' back impairment, a lumbar MRI in March 2002 showed only minimal degenerative disc disease and arthritic changes at L5-S1 of questionable significance. Gross had an x-ray of his lumbosacral spine in February 2002 that was negative. In March of 2002, Dr. Thomas Scott examined Gross and indicated that his back injury was a minor trauma.

Gross had an MRI os his left knee on September 23, 2002, which disclosed a torn medial meniscus. Gross underwent arthroscopic surgery to repair this tear on October 31, 2002. Gross complained of knee pain to Dr. Hall on two occasions thereafter, the last of which was February 6, 2003. There is no additional medical evidence of record indicating that Gross had knee problems after that date. Notably, after an accident in May of 2003, Gross had x-rays taken of his knees. At that time, there was no evidence of any fractures, dislocations or other pathological bone or joint changes. Based on the evidence of record, the ALJ properly rejected Dr. Hall's findings that Gross had physical limitations that were disabling as a result of his back and knee impairments.

Moreover, there is substantial evidence that Gross was not disabled. The ALJ asked the VE to consider whether the claimant was capable of working, given the functional restrictions that he found credible. The VE testified that Gross could perform work at the medium level as a produce sorter or a laundry worker.[2]  [Tr., p. 310]

---

[2] The Commissioner is entitled to use utilize a VE to determine whether a claimant is capable of working, given his functional restrictions. 20 C.F.R. § 404.1566(e). Further, a VE's testimony can be relied upon even when it conflicts with other sources. *Strong v. Soc. Sec. Adm'n*, 88 Fed. Appx. 841, 847 (6th Cir. 2004).

Thus, 20 C.F.R. §§ 404.1512(e) and 416.912(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Gross was disabled. There was no conflict or ambiguity in Dr. Hall's report that required clarification. Rather, the problem with her report was its lack of objective evidence to support the claims and its inconsistency with the record. The ALJ considered Dr. Hall's report and properly discounted it. Substantial evidence in the record supported this conclusion.

### IV. CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, this Court concludes that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 12th day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge